## J. Holmes *v.* W. S. D. Pettis et al.

An act of the Legislature, authorizing police juries to impose taxes, to be assessed equally on real and personal property, slaves, and any other property, does not authorize a police jury to lay a tax on the profession or calling of a commission merchant or retailer.

APPEAL from the District Court of East Feliciana, *Stirling,* J. *Z. S. Lyons,* for plaintiff. *E. T. Merrick,* for defendants. The judgment of the court was pronounced by

EUSTIS, C. J. This appeal is taken by the plaintiff from a judgment rendered against him in favor of the Police Jury of the parish of East Feliciana, for the sum of thirty-eight dollars, interest and costs in the Court of the Seventh District.

The only question involved in the case relates to the right of the police jury to impose a certain tax, for which the judgment has been recovered. The tax imposed by the police jury is levied on all commission merchants, retailers of dry goods, wines and spirituous liquors, in no less quantity than one quart, &c. The plaintiff is a retailer of dry goods only, and it is contended that the act of 1813, conferring the taxing power on police juries for the purpose of defraying the expenses of public works, for which the present tax was laid, provides that said taxes be equally assessed on real and personal properties, slaves, or any other property, as the police jury may deem expedient. These are the words of the statute, and it does not appear to have been followed in the imposing of this tax. That authorized by law ought to be assessed on property, and we find no warrant for this tax, which is on the calling or profession of the commission merchant or retailer. We think the tax illegal.

The judgment of the district court is therefore reversed, and judgment rendered for the plaintiff, perpetuating his injunction against the collection of the tax, and costs in both courts.

PRESTON, J., dissenting. The police juries of the parishes of the State have very onerous and expensive duties to perform in relation to levees, roads, court-houses, jails, schools and school-houses, and other public works. They have to pay many salaries, and incur various expenses otherwise, for the common welfare of the parish. I think, therefore, the power to tax should be liberally construed, in order to produce equality among all the residents of a parish.

It will be admitted that the police jury might, under the act of 1813, tax the stores and stocks of goods of retailers of dry goods, hardware merchants and grocers, in common and equally with the other personal property in the parish. As far as I can learn, ever since the year 1813, the police juries of the different parishes have, under the act passed that year, imposed taxes on such merchants. From unskillfulness in wording their ordinances, the name of the merchant and dealer has been used in the ordinances and assessments for the store itself, and as representing it. Thus, in common parlance, in speaking of going to the store of *Holmes,* it would be said we are going to *Holmes'.*

The long and cotemporaneous interpretation of the act of 1813, should excuse the Police Jury of the parish of East Feliciana for falling into a common and even doubtful error in the language of their ordinance. I think the judgment

should be affirmed, and the tax collected; but as an adverse decision will produce more explicit local legislation, I do not regret that my brethren have come to a contrary conclusion.